

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2006

# In Re: Jamal Hart

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2731

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Jamal Hart " (2006). *2006 Decisions.* Paper 549.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/549

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-241                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

NO. 06-2731
_____

IN RE: JAMAL HART,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Criminal No. 97-cr-00021)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
June 8, 2006

Before:   RENDELL, AMBRO and ROTH, Circuit Judges.

(Filed: August 29, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Jamal Hart petitions this Court to issue a writ of mandamus ordering the

United States District Court for the Eastern District of Pennsylvania to vacate his

judgment and sentence.  We will deny Hart's petition.

        A jury found Hart guilty of possessing a firearm in violation of 18 U.S.C.

§ 922(g)(1).  He was sentenced to 188 months imprisonment.  This Court affirmed.  See

United States v. Hart, 175 F.3d 111 (3d Cir. 1999).  The United States Supreme Court

denied Hart's petition for writ of certiorari on October 12, 1999.  See Hart v. United

States, 528 U.S. 945 (1999). Next, Hart unsuccessfully attempted to collaterally attack his sentence pursuant to 28 U.S.C. § 2255.

In May 2006, Hart filed this mandamus petition. Hart argues that his sentence was improperly enhanced under 18 U.S.C. § 924(e). Specifically, Hart states that his sentence violated his Fifth and Sixth Amendment rights in light of United States v. Booker, 543 U.S. 220 (2005), decided January 12, 2005.

Mandamus is an appropriate remedy only in the most extraordinary of situations. Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). To justify such a remedy, a petitioner must show that he has (I) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992)(citing Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976)). In this case, Booker does not apply retroactively because Hart's conviction became final well before January 12, 2005. See Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005).

For these reasons, we will deny the mandamus petition.